511 P.2d 656

**STATE of Arizona, Appellant,**

v.

**David CARTWRIGHT and Paul Alexon, Appellees.**

**No. I CA–CR 512.**

Court of Appeals of Arizona, Division 1, Department B.

June 28, 1973.

Rehearing Denied July 19, 1973.

Review Denied Sept. 18, 1973.

**213**

Moise E. Berger, Maricopa County Atty. by Jerry L. Stejskal, Deputy County Atty., Phoenix, for appellant.

Gerald F. Sullivan, Phoenix, for appellee Cartwright.

John G. Contreras, Phoenix, for appellee Alexon.

HAIRE, Judge.

The defendant-appellees, David Cartwright and Paul Alexon, were indicted by the Maricopa County Grand Jury on four counts of violating A.R.S. § 13–440, Wagering on Sporting Events. These counts arose from occurrences which allegedly took place on the 21st and 28th of December, 1971.

Prior to the date of the scheduled trial, the defendants filed motions to dismiss the indictment, claiming A.R.S. § 13–440 was unconstitutionally vague and indefinite and did not adequately charge them with having committed a crime.

Defendants also filed separate motions to quash the indictments, raising the dual issues of whether the indictments were definite enough to charge them with having committed a crime, and whether A.R.S. § 13–440, as worded, creates a continuing crime for which there can be only a one count prosecution. Defendants contended that they could be charged with only one count at most, and that the only action the trial court could take would be to dismiss all four counts so that the matter could be resubmitted to the grand jury to issue a one count indictment.

Defendant Cartwright also moved for a bill of particulars, requesting answers to several questions, which the trial court granted.

Thereafter, the trial court denied the motions to dismiss, but granted the motions to quash the indictments.

The State of Arizona as appellant raises the following questions for review:

1. Whether phrasing a count in an indictment in the language of the applicable statute is sufficient to resist quashing the indictment;

2. Whether A.R.S. § 13–440 sanctions only one continuing crime for which only one count for violating the statute may be charged, or whether multiple counts may be charged.

The issues raised on this appeal have been discussed and decided adversely to the appellee-defendants in this Court's opinion in State v. Cartwright, 510 P.2d 405, 1973.

For the reasons stated in that opinion, the judgment of the trial court as to each defendant is reversed and the trial court is hereby directed to reinstate the grand jury indictments against the defendants, David Cartwright and Paul Alexon, for further proceedings not inconsistent with this opinion.

JACOBSON, C. J., and EUBANK, P. J., concur.